PILLOT, PLAINTIFF AND APPELLANT, *v.* PILLOT, DEFENDANT AND RESPONDENT (BALESTIER, INTERVENOR AND RESPONDENT).

APPEAL from the District Court of Guayama in an Action of Debt and Intervention.

No. 1251.—Decided May 18, 1915.

INTERVENTION—PARTY DEFENDANT—ADVERSE INTEREST.—Section 63 of the Code of Civil Procedure is not applicable to a case in which a person who has not been made a party defendant and has an interest adverse to that of the plaintiff wishes to intervene in the action, the statute applicable in such a case being section 72 of the same code.

ID.—CONSTRUCTION OF LAW—PARTY DEFENDANT.—The object of section 63 of the Code of Civil Procedure is to indicate to the plaintiff what persons should be made parties defendant and cannot serve as authority for a motion for leave to intervene as a party defendant or for a ruling allowing such intervention.

ID.—CONSTRUCTION OF LAW—ORDER TO BRING IN AS DEFENDANT.—The object of section 74 of the Code of Civil Procedure is to authorize the court, when unable to reach a complete determination of the controversy without the presence of other persons who are not parties to the suit, to order them to be brought in *motu propio.*

The facts are stated in the opinion.

*Messrs. F. Cervoni Gely* and *M. Benítez Flores* for the plaintiff-appellant.

*Mr. C. Domínguez Rubio* for the intervenor-respondent.

The defendant-respondent did not appear.

MR. JUSTICE ALDREY delivered the opinion of the court.

Martina Pillot brought an action in the District Court of Guayama against Josefa Pillot for the recovery of a certain sum of money which the former alleged she had paid out for account of the latter. The defendant did not enter appearance and the secretary of the court entered a default judgment against her.

A short time thereafter Eugenio Balestier appeared in the action and filed a motion praying the court to order that he be joined as a party defendant and served with copies of the complaint and summons, according to the provisions of sections 63 and 74 of the Code of Civil Procedure, so that he might answer the complaint at the proper time in opposition to the plaintiff's claim. He alleged that the plaintiff is the mother of the defendant, who is his wife; that notwithstanding the fact that the complaint refers to alleged payments made for account of his wife, he has not been made a party to the action; that he is interested in proving the falsity of plaintiff's allegations whose sole purpose is to despoil the conjugal partnership composed of the defendant and himself of the property belonging to it, the said partnership being liable to dissolution as the consequence of an action for divorce which is pending, and that he has never renounced the management of the conjugal partnership.

From the ruling sustaining the said motion Martina Pillot took the present appeal praying for its reversal and, after a long delay in filing the transcript of the record, her attorney argued the case by brief and orally, the respondent filing a brief only.

Sections 63 and 74, on which the motion is based and on which the lower court based the ruling appealed from, read as follows:

"Section 63.—Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the question involved therein. And in an action to determine the title or right of possession to real property which, at the time of the com-

mencement of the action, is in the possession of a tenant, the land-
lord may be joined as a party defendant.

&ast;        &ast;        &ast;        &ast;        &ast;        &ast;        &ast;

"Section 74.—The court may determine any controversy between
parties before it, when it can be done without prejudice to the rights
of others, or by saving their rights; but when a complete determi-
nation of the controversy cannot be had without the presence of other
parties, the court must then order them to be brought in, and there-
upon the party, directed by the court, must cause to be served a copy
of the summons in the action and the order aforesaid, in like man-
ner as provided for the service of the summons, upon each of the
parties ordered to be brought in, who shall have ten days or such
time as the court may order, after service, in which to appear and
plead; and in case such party fail to appear and plead within the
time aforesaid, the court may cause his default to be entered and
proceed as in other cases of default, or make such other order as
the condition of the action and justice shall require; and when, in
an action for the recovery of real or personal property, a person not
a party to the action, but having an interest in the subject thereof,
makes application to the court to be (*made a party, it may order
him to be*) brought in by the proper amendment."

The first of these sections is not applicable to cases in
which a person who has not been sued and has an interest
adverse to that of the plaintiff wishes to intervene in the
action, the statute applicable in such cases being section 72.
*Pillot* v. *Pillot and Balestier,* 21 P. R. R., 188. The object
of section 63 is to indicate to the plaintiff what persons should
be made parties defendant. Therefore, this provision can-
not serve as ground for a motion for leave to intervene as
defendant or for a ruling allowing such intervention.

Nor is section 74 applicable to the present case, for its
object is to authorize the court when unable to reach a com-
plete determination of the controversy without the presence
of other persons who are not parties to the suit to order
their appearance *motu propio.*

The decision appealed from should be

*Reversed.*

Chief Justice Hernández and Justices Wolf, del Toro and
Hutchison concurred.